IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 9, 2016

**HUSTON FOLEY LLOYD, JR. v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Putnam County**
**No. 08-0812     John Wootten, Jr., by Interchange, Judge**

---

**No. M2015-00295-CCA-R3-PC – Filed March 15, 2016**

---

The petitioner, Huston Foley Lloyd, Jr., appeals the summary dismissal of his petition for post-conviction relief, and the State concedes that summary dismissal was improper. Because the petitioner stated a colorable claim for post-conviction relief, the post-conviction court erred by summarily dismissing the petition. Accordingly, the judgment of the post-conviction court is reversed, and the case is remanded for an evidentiary hearing on the petitioner's claims.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Reversed and Remanded**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT L. HOLLOWAY, JR., JJ., joined.

Huston Foley Lloyd, Jr., Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Andrew C. Coulam, Assistant Attorney General; Randall A. York, District Attorney General; and Gary McKenzie, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On July 2, 2009, the petitioner pleaded guilty to two counts of first degree murder for the deaths of Kimberly Wyatt and her four-year-old daughter, Sarah Elizabeth Wyatt, in exchange for consecutive sentences of life without the possibility of parole. A written stipulation of fact exhibited to the guilty plea submission hearing provides:

> On June 3, 2006, the [petitioner] followed Kimberly
> Wyatt and her two minor daughters to the Lantana Church of
> Christ in Crossville, Cumberland County, Tennessee. Upon
> arrival at Lantana Church of Christ, Kimberly Wyatt

attempted to place her daughters into a vehicle being driven by Mr. Alex Bosland. As she was attempting to get her daughters into the vehicle, the [petitioner] arrived, exited his vehicle and walked to the front of the vehicles being driven by Alex Bosland and Kimberly Wyatt, and then fired the first pistol shot striking Sarah Elizabeth Wyatt (age 4) in the neck and then fired eight shots into the body of Kimberly Wyatt with premeditation and with the intent to kill Kimberly Wyatt. The [petitioner] returned to his car, made a telephone call and then returned, shooting an additional round into the head of Kimberly Wyatt constituting the act of First Degree Murder. Kimberly Wyatt was shot a total of nine times and Sarah Wyatt was shot a total of two times. It is admitted and stipulated by the [petitioner] that the [petitioner] did unlawfully kill Kimberly Wyatt, and that he acted intentionally and with premeditation. It is further admitted that the [petitioner] killed Sarah Elizabeth Wyatt while perpetrating the intentional and premeditated murder of Kimberly Wyatt by shooting Sarah Elizabeth Wyatt twice, constituting the act of felony murder.

On June 4, 2010, the petitioner filed a timely petition for post-conviction relief, alleging, among other things, that he was denied the effective assistance of counsel and that his guilty pleas were not knowingly and voluntarily entered. On June 21, 2010, the post-conviction court entered an order, finding that the petitioner had failed to satisfy the statutory requirement that he state a factual basis in support of his claims and giving the petitioner 15 days within which to file an amended petition. The petitioner filed an amended petition on June 28, 2010. On July 9, 2010, the post-conviction court entered a preliminary order, finding that the petitioner had presented a colorable claim for post-conviction relief and appointing attorney Samuel Harris to represent the indigent petitioner.

After the petitioner complained about the quality of his representation and filed a complaint with the Tennessee Board of Professional Responsibility, Mr. Harris successfully moved to withdraw from the petitioner's case in May 2011. The post-conviction court then appointed Douglas K. Dennis, Jr., to represent the petitioner. In July 2013, Mr. Dennis moved to withdraw from the petitioner's case, citing a fundamental breakdown in the attorney-client relationship. The post-conviction court allowed Mr. Dennis to withdraw and appointed John B. Nisbet to represent the petitioner in his stead.

On May 1, 2014, the trial court set an evidentiary hearing for July 25, 2014. Eleven days later, the petitioner filed a motion seeking to waive his right to counsel and to proceed pro se. The court conducted a hearing on the petitioner's motion on June 2, 2014, and concluded "that the petitioner understood what he was requesting and that he was capable of representing himself and also that he was acting voluntarily of his own free will and was not under the influence of alcohol or drugs." The court ordered that the petitioner would be allowed to proceed pro se. The post-conviction court gave the petitioner until July 18, 2014, to file an amended petition for post-conviction relief and stated that after July 18, 2014, the court would "set this matter for a full hearing on the" petition.

On July 17, 2014, the petitioner tendered his amended petition for post-conviction relief to prison authorities for mailing. In August 2014, the petitioner filed a motion for discovery and moved ex parte for funds to hire an investigator. On September 12, 2014, the State filed a response to the petitioner's ex parte motion for funds to hire an investigator, asking that the petitioner's request be denied. The State also filed a response to the petitioner's amended petition for post-conviction relief.

On November 5, 2014, Judge Leon C. Burns, who had, until that point, been presiding over the petitioner's case, filed an order detailing the procedural history of the case and noting that he had since retired from the bench. The court ordered that the case "be placed on the active docket to be reset for a hearing before another judge." One week later, the petitioner filed a second request for discovery. On December 2, 2014, 13th Judicial District Presiding Judge Amy V. Hollars entered an order transferring the petitioner's case to 15th Judicial District Judge John D. Wootten, Jr., who agreed to hear the case by interchange because all the judges in the 13th Judicial District had recused themselves. On December 23, 2014, the petitioner filed a motion seeking recusal of all the judges in the 13th Judicial District and expressing his displeasure that Judge Hollars had selected a judge to preside over his case rather than allowing the selection to be made by the Chief Justice of the Tennessee Supreme Court.

On January 29, 2015, the post-conviction court entered an order denying post-conviction relief without a hearing on the petition. The order of dismissal provided:

> Upon review of the petition, this Court observes that the essential complaint is one of ineffective assistance of counsel. However, the underlying case resulted in a guilty plea. This court has reviewed the exhaustive guilty plea conducted by the trial judge. . . . The petitioner essentially wants to undo the plea. Although he alleges ineffective assistance of counsel, upon review of the record there are but

-3-

scant evidentiary allegations relating to ineffective assistance. The petition itself is replete with conclusions and restatements of general principles of law; and therefore, does not conform to the post-conviction statute.

The court also examined the petitioner's claims and concluded that each lacked merit. The court also found

> upon review of the petition, the allied papers, the stipulation of fact entered on the date that the plea was approved by the trial judge, and the transcript of that proceeding, and the record that this petition does not conform to the requirements of the Post-Conviction Act under T.C.A. § 40-30-101 *et seq.* This Court further finds that this petition is not a colorable claim inasmuch as it fails to meet the statutory test upon examination of the pertinent parts of the record.

Following the denial of his petition, the petitioner filed a timely notice of appeal. In this appeal, the pro se petitioner complains that Judge Hollars was without jurisdiction to appoint Judge Wootten to preside over his case and that the post-conviction court erred by denying his petition without benefit of a hearing on his claims of ineffective assistance of counsel and prosecutorial misconduct. The State concedes that the court erred by denying post-conviction relief without holding a hearing on the petitioner's colorable claims, noting that Judge Burns had already performed the statutory preliminary review required by Code section 40-30-106, had concluded that the petitioner had stated a colorable claim for post-conviction relief, and had entered a preliminary order in accordance with Code section 40-30-107.

Post-conviction relief is available only "when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." T.C.A. § 40-30-103. Petitions for post-conviction relief must comply with certain statutory rules:

> (c) The petition for post-conviction relief shall be limited to the assertion of claims for relief from the judgment or judgments entered in a single trial or proceeding. If the petitioner desires to obtain relief from judgments entered in separate trials or proceedings, the petitioner must file separate petitions.

(d) The petitioner shall include all claims known to the petitioner for granting post-conviction relief and shall verify under oath that all the claims are included.

(e) The petitioner shall include allegations of fact supporting each claim for relief set forth in the petition and allegations of fact explaining why each ground for relief was not previously presented in any earlier proceeding. The petition and any amended petition shall be verified under oath. Affidavits, records or other evidence available to the petitioner supporting the allegations of the petition may be attached to it.

(f) The petitioner shall provide the name of any attorney licensed to practice law who drafts or has given assistance or advice regarding drafting the petition for post-conviction relief.

(g) Amendments to the petition shall conform substantially to the form for original petitions, except that matters alleged in the original petition need not be repeated.

*Id.* § 40-30-104(c)-(f). Although the petition as originally filed in this case did not comply with these rules, the post-conviction court allowed the petitioner 15 days to correct his errors, and the petitioner did so by filing an amended petition. The petitioner's second amended petition also complies with these statutory prerequisites.

After the petitioner filed his first amended petition for post-conviction relief, the post-conviction court "examine[d] it together with all the files, records, transcripts, and correspondence relating to the judgment under attack, and enter[ed] an order in accordance with this section or § 40-30-107." *Id.* § 40-30-106(a). The preliminary order filed by Judge Burns contained a finding that the petitioner had stated a colorable claim for post-conviction relief and appointed counsel to represent the petitioner. Although the petitioner was later permitted to proceed pro se, the record is clear that Judge Burns contemplated holding an evidentiary hearing on his petition for post-conviction relief.

Certainly, the post-conviction court may dismiss a post-conviction petition if it fails to state a colorable claim for relief. *Id.* § 40-30-106(f). "A colorable claim is a claim, in a petition for post-conviction relief, that, if taken as true, in the light most favorable to the petitioner, would entitle petitioner to relief under the Post-Conviction

-5-

Procedure Act." Tenn. Sup. Ct. R. 28, § 2(H). Here, the petitioner claimed that he was deprived of the effective assistance of counsel and that his guilty pleas were not knowingly and voluntarily entered. Specifically, he asserted that his counsel failed to investigate defenses associated with the petitioner's alleged mental deficiencies and the medications he was taking to address those maladies, that counsel performed deficiently by advising the petitioner to plead guilty, that counsel should not have enlisted the petitioner's wife and children to coerce him to plead guilty, that counsel failed to adequately explain the elements of the charged offenses prior to the petitioner's pleading guilty, and that these errors resulted in his entering unknowing and involuntary pleas. Additionally, the petitioner claimed that he was taking medications at the time he rendered his plea that affected his ability to understand the proceeding. Any of these claims, if taken as true, would entitle the petitioner to post-conviction relief. The post-conviction court concluded that, based upon its review of the record, the petitioner's claims were without merit. The merit of the petitioner's claims, however, could not have been appropriately assessed without evidence that obviously would not be in the record of the proceedings. The purpose of an evidentiary hearing is to allow the post-conviction petitioner to present evidence in support of the factual allegations made in his petition.

Because the record establishes that the petitioner stated colorable claims for post-conviction relief, the judgment of the post-conviction court must be reversed and the case remanded for an evidentiary hearing on his petition at which the petitioner must be afforded the opportunity to call witnesses and present evidence in support of his allegations.

The petitioner also contends that once Judge Hollars recused herself, she was without authority to ask Judge Wootten to preside by interchange. We agree. Supreme Court Rule 10B provides, as is pertinent here, as follows:

> A judge who recuses himself or herself, whether on the Court's own initiative or on motion of a party, shall not participate in selecting his or her successor, absent the agreement of all parties. With the agreement of all parties to the case, the judge may seek an interchange in accordance with Tenn. Sup. Ct. R. 11, § VII(c)(1). Otherwise, the presiding judge of the court shall effect an interchange in accordance with Tenn. Sup. Ct. R. 11, § VII(c)(2) or (3). If an interchange cannot be effected, or *if the presiding judge is the recused judge*, the presiding judge shall request the designation of a judge by the Chief Justice, pursuant to Tenn. Sup. Ct. R. 11, § VII(c)(4).

Tenn. Sup. Ct. Rule 10B, § 1.04 (emphasis added). Because Judge Hollars had recused herself, Rule 10B required that she ask the Chief Justice to designate a judge to preside over the petitioner's case. Upon remand, therefore, the presiding judge of the 13th Judicial District shall request designation of a judge to preside over the petitioner's case.

Accordingly, the judgment of the post-conviction court is reversed, and the case is remanded for the designation of a judge to preside over the petitioner's case and for an evidentiary hearing on the petition for post-conviction relief.

_____
JAMES CURWOOD WITT, JR., JUDGE